UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAYMOND J. BERGERON-DAVILA,

                  Plaintiff,

v.                                                    Case No. 23-cv-1260-pp

CORRECTIONAL OFFICER MARQUEZ,

                  Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DIRECTING DEFENDANT TO RESPOND TO PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF (DKT. NO. 22) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SCREENING ORDER (DKT. NO. 23)**

Raymond J. Bergeron-Davila, who is incarcerated at Green Bay Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, screens his complaint, dkt. no. 1, and denies as moot his motion for a screening order, dkt. no. 23. This order also directs the defendant to respond to the plaintiff's motion for injunctive relief, dkt. no. 22.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

1

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 19, 2023, the court ordered the plaintiff to pay an initial partial filing fee of $79. Dkt. No. 12. The court received that fee on December 18, 2023. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.     Screening the Complaint

### A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

    B.    The Plaintiff's Allegations

The plaintiff has sued defendant Correctional Office Marquez. Dkt. No. 1 at 1. On July 4, 2023, the plaintiff allegedly stopped the defendant and told him that he (the plaintiff) was suicidal and was going to cut himself with a weapon. Id. at ¶1. The plaintiff states that the defendant stopped at the plaintiff's door and listened to his "suicidal statements." Id. After listening to the plaintiff's suicidal statement, the defendant allegedly walked away. Id. at

3

¶2. The plaintiff alleges that the exchange was recorded on the defendant's body camera. Id. After the defendant walked off, the plaintiff allegedly "took his very sharp glass we[a]pon and then cut himself on his arm very deep and caused a lot of bleeding as well." Id. at ¶3.

The plaintiff alleges that Officer Cummings (not a defendant) walked past his cell and saw him bleeding. Id. at ¶5. Cummings and other staff allegedly took the plaintiff from the cell and placed him on suicide watch. Id. The plaintiff states that this "suicidal incident landed him in bed restraints as there was believed to be a ser[]ious suicide risk posed to the plaintiff's health & safety[.]" Id. at ¶6.

The plaintiff claims that the defendant violated his constitutional rights by walking away from the plaintiff when he was cutting himself. Id. at ¶¶8-9. For relief, the plaintiff seeks compensatory and punitive damages. Id. at ¶¶10-11.

C. Analysis

Failure to provide protection from suicide or self-harm constitutes an Eighth Amendment violation if deliberate indifference by prison officials to an incarcerated individual's welfare effectively condones the harm by allowing it to happen. Eagen v. Dempsey, 987 F.3d 667, 693-94 (7th Cir. 2021) (citations omitted). To state a claim under the Eighth Amendment, the plaintiff must allege: (1) "he presented an objectively serious medical need;" and (2) "a defendant [ ] responded [ ] with deliberate indifference, thereby resulting in some injury." Lord v. Beahm, 952 F.3d 902, 904 (7th Cir. 2020) (citing Petties

4

v. Carter, 836 F.3d 722, 727-28 (7th Cir. 2016)). A medical condition is objectively serious if it is "so obvious that even a lay person would perceive the need for a doctor's attention." See Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). "All agree that suicide is an objectively serious medical condition … [and] prison officials cannot intentionally disregard a known risk that an inmate is suicidal." Lord, 952 F.3d at 904 (citing Lisle v. Welborn, 933 F.3d 705, 716 (7th Cir. 2019)). Regarding the second prong, a defendant responds with deliberate indifference when he or she "actually knew of and disregarded a substantial risk of harm." Petties, 836 F.3d at 728. "This requires 'more than mere or gross negligence, but less than purposeful infliction of harm.'" Lisle, 933 F.3d at 716-17 (quoting Matos v. O'Sullivan, 335 F.3d 553, 557 (7th Cir. 2003)).

The plaintiff states an Eighth Amendment claim against the defendant in his individual capacity based on his allegations that the plaintiff told the defendant he was suicidal and was going to cut himself, but that the defendant walked away and the plaintiff cut himself causing injury.

### III. Plaintiff's Motion for Injunctive Relief (Dkt. No. 22)

On February 1, 2024, the court received from the plaintiff a motion asking for an "emergency court order." Dkt. No. 22. According to the plaintiff, Green Bay Correctional Institution "now has a walk away rule on [him] when [he is] cutting very badly[.]." Id. at 1. The plaintiff states that under this new rule, staff has walked away from his cell while he is harming himself. Id. He asks the court to issue an order that requires staff to pull him out of his cell,

5

strip search him, remove his weapon and stop walking off when he is self-harming. Id. at 2.

The court will order the defendant to file a response to the plaintiff's motion for injunctive relief within twenty-days.

## IV.     Plaintiff's Motion for Order (Dkt. No. 23)

On February 14, 2024, the court received from the plaintiff a motion noting that the court had not yet screened his complaint even though he had paid the initial partial filing fee. Dkt. No. 23 at 2. Citing the language of 28 U.S.C. §1915A, he asked the court to screen his complaint "soon." Id. at 2-3.

The court has now screened the complaint, so it will deny this motion as moot.

## V.     Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES AS MOOT** the plaintiff's motion for order. Dkt. No. 23.

The court **ORDERS** that the defendant must file a response to the plaintiff's motion for injunctive relief by the end of the day on **March 27, 2024**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Correctional Officer Marquez. Under the informal service agreement, the court **ORDERS** this defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$271** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to Green Bay Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 4th day of March, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**

8

Case 2:23-cv-01260-PP   Filed 03/04/24   Page 8 of 8   Document 24