RAYMOND J. BERGERON DAVILA,

                Plaintiff,

v.                                             Case No. 23-cv-1260-pp

DEION MARQUEZ,

                Defendant.

## ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR SUMMARY JUDGMENT (DKT. NO. 88) AND DISMISSING CASE

      Plaintiff Raymond J. Bergeron-Davila, who previously was incarcerated and is representing himself, filed a complaint alleging that defendant Deion Marquez had violated his constitutional rights. The court screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment claim based on allegations that on July 4, 2023, the plaintiff told the defendant that he was suicidal and was going to cut himself, but the defendant walked away from the plaintiff's cell; the plaintiff alleged that he then cut himself, causing injury. Dkt. No. 24 at 5. The defendant has filed a motion for summary judgment. Dkt. No. 88. Two days after the defendant filed the summary judgment motion, the court issued an order requiring the plaintiff to file a response by day's end on June 18, 2025; the order stated that if, by that date, the court did not receive either the plaintiff's response or an explanation for why he could not timely file a response, the court would resolve the defendant's motion without considering a response from the plaintiff. Dkt. No. 92. The

plaintiff filed a motion for extension of time, dkt. no. 95, which the court granted, extending his response deadline to July 2, 2025, dkt. no. 96.

On July 14, 2025—twelve days *after* the extended deadline had passed—the court issued a text-only order stating that the response deadline had passed, but that it appeared that the plaintiff may not have received the court's order extending his response deadline because the Wisconsin Department of Corrections website showed that the plaintiff had been released to extended supervision on June 17, 2025. Dkt. No. 97. Court staff obtained an address from the plaintiff's parole agent, issued an order giving the plaintiff two additional weeks to respond and sent the order to the address provided by the plaintiff's agent. Id. The plaintiff's new deadline by which to respond to the defendant's motion for summary judgment was July 31, 2025. Id. The court's order was not returned to the court as undeliverable. The court has not received a change-of-address notice from the plaintiff; it has not heard from the plaintiff since June 12, 2025, when it received his motion for an extension of time. The court has no reason to believe that the plaintiff has not received the court's July 14, 2025 order.

It is the plaintiff's responsibility to notify the court of his release or any change in address. He has not done so. The court nonetheless gave him additional time to respond to the summary judgment motion. The plaintiff has not done so. This order grants the defendant's motion for summary judgment and dismisses this case.

2

Case 2:23-cv-01260-PP    Filed 08/15/25    Page 2 of 8    Document 99

**I.     Defendant's Motion for Summary Judgment, Dkt. No. 88**

  A.     <u>Facts</u>

The plaintiff was incarcerated at Green Bay Correctional Institution during the events described in the complaint. Dkt. No. 89 at ¶3. The defendant worked at Green Bay as a corrections officer during that time. <u>Id.</u> at ¶4.

  1.     *Plaintiff's Allegations*

The plaintiff alleges that on July 4, 2023, he stopped the defendant and told the defendant he was going to cut himself with a weapon. <u>Id.</u> at ¶5. The defendant allegedly stopped at the plaintiff's cell, heard the plaintiff's suicidal/self-harm threats, then walked away. <u>Id.</u> at ¶6. The plaintiff claims that after the defendant walked away, the plaintiff took a glass weapon and deeply cut his arm, "causing a lot of bleeding." <u>Id.</u> at ¶7.

  2.     *Plaintiff's Subsequent Medical Treatment*

On July 4, 2023, at approximately 3:48 p.m., Nurse Derek Henning examined the plaintiff because the plaintiff alleged that he had cut his left arm due to his past abuse. <u>Id.</u> at ¶8. Henning noted that he observed two superficial lacerations to the plaintiff's upper left arm in the shape of a plus sign with no active bleeding, and that the plaintiff went on talking about murders he had done and "his like of killing." <u>Id.</u> at ¶9. Henning documented that he cleaned the lacerations with normal saline and covered them with non-adherent dressing. <u>Id.</u> at ¶10. Henning advised the plaintiff to report any signs or symptoms of infection and to follow up for any new or worsening signs or symptoms. <u>Id.</u> The plaintiff stated that he understood and agreed with the case

plan. Id. Per the psychological services unit, the plaintiff then went into observation status with GRIPP bed restraints. Id. at ¶11. At about 8:18 p.m., during a nursing restraint assessment, the plaintiff refused to have his vital signs checked and refused a range of motion check. Id. at ¶12.

On July 5, 2023, at about 4:30 a.m., the plaintiff refused water and bathroom use during a nursing restraint assessment. Id. at ¶13. At 9:20 a.m., the plaintiff again refused water and the bathroom and declined a range of motion check. Id. at ¶14.

On July 6, 2023, at 1:32 p.m., Henning conducted a nursing restraint check during which the plaintiff requested a dressing change and alcohol cleaning. Id. at ¶15. Henning noted that he removed the old dressing, which had some tan drainage on it, and that the lacerations were free of signs or symptoms of infection. Id. Henning documented that he cleaned the lacerations with an alcohol pad and covered them with a non-adherent dressing. Id. at ¶16.

The plaintiff did not require any additional treatment beyond the basics of cleaning the superficial cuts and applying gauze-like, non-adherent dressing. Id. at ¶17. The plaintiff never needed any stitches or complex medical care, and no security staff or medical professional noted seeing the excessive bleeding the plaintiff claims he caused. Id. at ¶18.

B.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

4

judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Ames v. Home Depot U.S.A., Inc., 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

C. Discussion

The defendant contends that he is entitled to summary judgment because the plaintiff never faced an objectively serious risk of harm from his superficial wounds. Dkt. No. 91 at 6. According to the defendant, the plaintiff's minor cuts do not amount to a cognizable harm. Id. at 10.

"Prison officials violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act or fail to act with 'deliberate indifference to serious medical needs of prisoners.'" Whitaker v. Dempsey, ___ F.4th ___, 2025 WL 1943948, at *3 (7th Cir. July 16, 2025) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). To succeed on an Eighth Amendment medical care claim, "a plaintiff must show that (1) he faced a substantial risk of harm due to an objectively serious medical condition and that (2) a prison official knew of and disregarded the risk." Id. (citing Palmer v. Franz, 928 F.3d 560, 563–64 (7th Cir. 2019)). "A genuine risk of suicide or self-harm constitutes an objectively serious medical condition." Id. (citing Lisle v. Welborn, 933 F.3d 705, 716 (7th

5

Cir. 2019) (suicide); Miranda v. County of Lake, 900 F.3d 335, 349 (7th Cir. 2018) (self-harm)).

"[T]o succeed in a § 1983 suit, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that the violation caused the plaintiff injury or damages." Whitaker, 2025 WL 1943948, at *11 (quoting Gabb v. Wexford Health Sources, Inc., 945 F.3d 1027, 1032 (7th Cir. 2019) (internal quotations omitted)). It is undisputed that the plaintiff's injury consisted of superficial cuts to his upper left arm with no active bleeding. Nurse Henning treated the wound with saline solution and a non-adherent dressing. The plaintiff has not provided evidence that he suffered any other injury. The plaintiff's injury, by itself, does not amount to cognizable harm under §1983 for the purpose of the plaintiff's Eighth Amendment claim. See id. (a few mild scratches that were treated with a gauze bandage do not amount to a cognizable injury) (citing Lord v. Beahm, 952 F.3d 902, 903-04 (7th Cir. 2020) (same)). A reasonable factfinder could not conclude that the defendant violated the plaintiff's constitutional rights, and the court will grant the defendant's motion for summary judgment.

**II. Conclusion**

The court **GRANTS** the defendant's motion for summary judgment. Dkt. No. 88.

The court **ORDERS** that this case is **DISMISSED**. The clerk will enter judgment accordingly.

6

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* See Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 15th day of August, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**